**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, *et al.*,<br><br><div align="center">Debtor.</div> | Bankruptcy Case No. 20-12522 (JTD) |
| COLUMBUS HILL CAPITAL<br>MANAGEMENT, L.P.<br><div align="center">Appellant,</div><br>v.<br><br>MALLINCKRODT PLC,<br><div align="center">Appellee.</div> | C.A. No. 22-330-TLA<br><br>Bankr. BAP No. 22-22 |

<u>**RECOMMENDATION**</u>

At Wilmington this **18**[th] day of **April, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This Appeal arises from a Bankruptcy Court Order confirming the Appellees' chapter 11 plan on March 2, 2022.  Appellant filed its notice of appeal on March 16, 2022.

Two separate appeals docketed in this Court as 22-337-RGA and 22-331-TLA were filed by Wilmington Savings Fund Society, FSB (WSFS), as Trustee under the First Lien Notes Indenture and the Ad Hoc Lien Notes Group.  Those appeals arise out of the same dispute in this Appeal and present the same issues.  The Parties agreed that this Appeal and the 22-331-TLA appeal should be consolidated for procedural purposes and plan to file a joint motion for consolidation.

Since WSFS is acting solely as an indenture trustee and a majority of bondholders are participating in the other two appeals, WSFS agreed to hold its appeal in abeyance and to be bound by the outcome of this Appeal and the Ad Hoc First Lien Notes Group appeal.  Appellees and WSFS intend to file a stipulation that appeal 22-337-RGA, would stay WSFS's appeal and confirm the Parties' agreement that the disposition of WSFS's appeal be determined by the disposition of this Appeal and the Ad Hoc First Lien Notes Group appeal.  Further, the stipulation will provide that WSFS's appeal will no longer be stayed and it will be relieved of its other obligations under the

stipulation if an appellee, in response to this appeal or the Ad Hoc First Lien Notes Group appeal, argues, premised on the identity of the appellant, including an argument that holders of the first lien notes, as opposed to their trustee (WSFS), are not the proper party to pursue an appeal from confirmation of the plan.

The Parties recognize that certain parties in interest may file motions to intervene as appellees to this Appeal.  All Parties consent to the intervention of BOKF, N.A., in its capacity as Second Lien Trustee under the Second Lien Indenture, Deerfield Private Design Fund IV L.P., the Ad Hoc First Lien Term Lender Group and Deutsche Bank AG New York Branch.  The Parties reserve all rights to object to any other motions for intervention.

The Parties have not participated in formal mediation, but have engaged in discussions as to resolution.  They maintain that given the nature of the relief granted and the issues on appeal, the Parties do not believe that mediation would be productive.

As to briefing, the Parties propose the following schedule for this matter and the Ad Hoc First Lien Notes Group, 22-331-TLA:

| | |
|---|---|
| Appellants Opening Briefs (the Ad Hoc First Lien Notes Group and Columbus Hill) | **May 17, 2022** |
| Mallickrodt Appellees and any other party granted leave to intervene as an additional or joint appeal, shall each file/serve a brief.  The Mallickrodt Appellees and any other party who has been granted leave to intervene, may each file a single omnibus brief in in response to the Opening Brief filed in this Appeal and the opening brief filed in 22-330-TLA. | **June 17, 2022** |

3

Appellants' Reply Brief                                                **July 1, 2022**
Appellants may file an omnibus brief or
Separate reply brief to each responsive brief
filed by any appellees

Further, the Parties agree that the Ad Hoc First Lien Notes Group may file a

principal brief containing up to 17,000 words and Columbus Hill may file a principal brief

containing up to 7,000 words and that Mallickrodt Appellees may file a principal brief up

to 17,000 words **or** the combined word count of the principal briefs filed by the Ad Hoc

First Lien Notes Group and Columbus Hill, whichever is greater.

The parties also agree that if any appellee or other party files a motion to dismiss

this Appeal, they will work cooperatively regarding a schedule for this motion and adjust

the dates above as appropriated.  Moreover the word limits set herein are without

prejudice to all Parties' rights to seek further adjustments based on developments in the

appeals.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court

for this District and 28 U.S.C. § 636(b), this matter, with the related matter 22-331-TLA

be withdrawn from the mandatory referral for mediation and proceed through the

appellate process of this Court.  No objections are anticipated to this Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 since it

is consistent with all Parties' request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge